**In the Matter of the Estate of George W. Conrad, Deceased.**
**Alma Hopkins, Plaintiff-Appellant, v. Louise Watson and Beverly Ford, Defendants-Appellees.**

**Gen. No. 52,520.**

First District, Fourth Division.

November 19, 1969.

D. Adolphus Rivers, of Chicago, for appellant.

Harold Aling, of Chicago, for appellees.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff's sole contention on appeal is that the trial court erred by refusing to amend its original order which had declared plaintiff and defendants as the only heirs-at-law and next of kin of the decedent, George W. Conrad. She now claims that she is the sole heir-at-law of decedent, and that her testimony at the initial proceeding to determine proof of heirship was misstated and incorrect.

Decedent died on December 9, 1966, a resident of Cook County. On December 15, 1966, plaintiff filed a petition for letters of administration which stated that plaintiff and defendants were heirs of decedent. The hearing on proof of heirship was held on December 15, 1966, at which time plaintiff, who was the only witness, testified as follows: William Conrad was decedent's father and Polly Harris his mother, although they never married. Decedent never married and did not have any children. Plaintiff was decedent's sister by the same parents. Also born to Polly Harris, the mother, by another man, was Eddie Ford, who predeceased decedent. Ford left two children who are still living, Louise Watson and Beverly Ford, defendants herein.

At this proceeding there was some conflict in plaintiff's testimony when the court inquired how many children were born to Polly [Harris]. Plaintiff answered two, and then, after finding that Polly [Harris] was never married, the court repeated the question as to the number of children, but plaintiff was not responsive. The court provided the answer by stating, "three chilren," to which plaintiff did not object. Plaintiff then proceeded to name herself, the decedent, and Eddie Ford as the three children born to Polly Harris, and specifically remarked that Ford was born of a different father. Ford left two children living, the defendants in this action. On the basis of this testimony, the court declared Alma Hopkins, Louise Watson, and Beverly Ford to be the heirs of decedent.

Plaintiff subsequently filed a petition alleging that she and decedent were the only children born to Polly Harris and that she had been mistaken in her prior testimony when she included Eddie Ford as a child of Polly Harris. In the proceeding to amend the declaration of heirship, she stated that "I was not of myself when testifying somehow," adding that she had been confused. She also stated that she had not read her signed petition for letters of administration, which had been consistent with her original testimony. In support of her new position, she submitted a census report from the year of Polly Harris' death (1910) which listed plaintiff and decedent as the only children of Polly Harris. She also said that while she had known Eddie Ford when he lived with decedent in Louisiana, her reference to him as "brother" was a colloquial use of the term, customary in the south.

The administrator of decedent's estate, Michael C. Moss, who had drafted the petition for letters of administration, testified that plaintiff had informed him that there were three children born to her mother, including Eddie Ford. His impression was that Eddie Ford was

born of the same mother but a different father. He first learned of the discrepancy in plaintiff's story, after the initial proof of heirship, when plaintiff and her California attorney explained that her use of the term "brother" in relation to Ford had been a customary one of affection and not of relation.

Louise Watson testified that Beverly Ford was her brother, Eddie Ford her father, and Polly Harris was her father's mother. She did not know, nor did she ever see Polly Harris, and did not know whether her grandparents, George Ford and Polly Harris, had been married. In California she had visited plaintiff, who had introduced her to plaintiff's friends as her niece. Likewise, when she had visited decedent, he would introduce her as his niece, "his brother's daughter."

██ On appeal, since no question has been raised and we cannot perceive any difficulty concerning the court's power to redetermine heirship in this proceeding, our review is limited to a consideration of the evidence. Plaintiff correctly contends that the court's prior declaration of heirship is only prima facie evidence of the heirship, and may be overcome in a subsequent proceeding such as the one in the instant case. Ill Rev Stats (1967), c 3, § 58.

██ Most of the evidence in the two hearings was supplied by plaintiff, but it is in essential part contradictory. The only documentary evidence before the court is in the form of a census record which does not show defendants as heirs-at-law. While recognizing that as a general rule documentary evidence is highly persuasive in overcoming the effect of oral testimony, it is not conclusive. The weight accorded such evidence varies with the reliability of the document and its pertinence to the issue under consideration. Accordingly, we note that a census record for the purposes of this case, does not have the standing of a certificate of birth, nor does it

purport to be conclusive on the issue of birth. We note also that the trial judge, in reaching his decision in favor of defendants, did not ignore this documentation, but, rather, acknowledged that it was entitled to heavy weight.

Additional testimony was offered by plaintiff's original counsel who, in the first instance, had received the impression from plaintiff that Eddie Ford was her half-brother. Louise Watson also testified strongly as to her belief that she was decedent's niece.

The trial judge made an oral summation of the evidence at the close of the hearing, and adequately demonstrated his awareness of the pertinent evidence. Despite plaintiff's contrary evidence, he held against her, and, in so doing, made mention of "the demeanor of the witnesses," which, of course, he, and not we, had the opportunity to observe.

██ A proposition which requires no citation of authority is that, upon review, this court will not substitute its judgment as to the credibility of witnesses for that of the trial court, unless the result is manifestly contrary to the weight of the evidence. We cannot say that the decision in this case is against the manifest weight of the evidence. It is, therefore, affirmed.

Affirmed.

DRUCKER, P. J. and STAMOS, J., concur.